IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICKY FELTS,

               Plaintiff,

v.

NANCY BERRYHILL,
Acting Commissioner of Social Security,

               Defendant.

OPINION AND ORDER

17-cv-932-slc

     Plaintiff Ricky Felts is seeking review of a final decision by defendant Nancy Berryhill, Acting Commissioner of Social Security, denying his claim for disability insurance benefits (SSDI) and Supplemental Security Income (SSI) under the Social Security Act. 42 U.S.C. § 405(g). Felts contends that the administrative law judge (ALJ) who denied his claim erred in finding that Felts could perform his past semi-skilled and skilled work. Specifically, Felts argues that the ALJ ignored a key concentration-related limitation assessed by a consultative examiner, Dr. Gregory Cowan, to whose opinion the ALJ gave "great weight." For the reasons explained below, I am affirming the ALJ's decision.

     The following facts are drawn from the Administrative Record (AR), filed with the Commissioner's answer in this case.

**FACTS**

**I. Background**

     Ricky Felts applied for benefits on January 24, 2014, alleging that he had been disabled since July 12, 2013 as a result of heart disease and problems with his shoulder, leg, hips, and knees. AR 13, 19. After the local disability agency denied his claim initially and upon

reconsideration, Felts had a hearing on February 21, 2017 before ALJ Karen Sayon. AR 13. Felts was represented by counsel at the administrative hearing at which Felts and a vocational expert testified. *Id.* Felts was 58 years old at his alleged onset date and 62 years old at the time of the hearing. *Id.* at 19. According to the vocational expert, Felts had past work experience as an order clerk (semi-skilled, sedentary work), front desk clerk (semi-skilled, light work), and help desk representative (skilled, sedentary work that Felts performed at a medium exertional level). *Id.* at 23.

## II. Medical Evidence

After Felts was released from jail in July 2013, on May 2, 2014, he sought medical treatment for a variety of issues, including depression, AR 719. Felts reported melancholy, poor energy, low mood, and significant stress with readjusting and re-acclimating to society. *Id.* He was diagnosed with depression and prescribed Zoloft, which he took for a few months with good results. *Id.* at 722-36. In late August 2014, Felts decided to wean himself off Zoloft because his living situation, mood, and overall energy level had improved. *Id.* at 737.

Critical to Felts's appeal is the July 10, 2014 consultative examination conducted by psychologist Dr. Gregory Cowan, who diagnosed Felts with depressive disorder and antisocial personality traits. AR 515-20. Dr. Cowan noted that Felts reported feeling more depressed after being released from jail and not finding employment and having an occasional depressed mood, some crying episodes, poor sleep, low energy, and low self esteem. *Id.* at 519. With respect to Felts work capacity, Dr. Cowan wrote that

> Ricky should be able to understand, remember, and carry out simple instructions. His ability to respond

2

> appropriately to supervisors and coworkers is unimpaired. Concentration and attention are unimpaired. Ability to withstand routine work stress and adapt to workplace changes is unimpaired. There are no psychological factors that would significantly interfere with work pace.

*Id.* at 520.

At the reconsideration level of review on April 10, 2015, Dr. Esther Lefevre, a state agency psychologist, reviewed Felts's medical record, assessed his medically determinable impairments and severity (MDI), and completed a psychiatric review technique (PRT). AR 96-97, 112. Dr. Lefevre concluded that Felts was severely impaired by affective disorder and personality disorder and had mild limitations in activities of daily living, social functioning and concentration, persistence, or pace. *Id.* In a narrative section of the form, Dr. Lefevre wrote that even though Felts had not alleged a mental health impairment, the medical record showed that he was suffering from depression, for which he was sent to a consultative examiner for evaluation. She noted that Felts had seen medical providers since the consultative examination but had not complained or shown signs of significant depression, anxiety, or agitation. *Id.* at 97.

Starting in December 2015 and continuing through 2016, Felts underwent some counseling for anxiety and a depressed mood, but the case notes do not include any diagnoses or assessments made by the therapist, and there is no indication that Felts received further treatment for these conditions. *Id.* at 904-28.

### III. Administrative Decision

On March 30, 2017, the ALJ issued a decision denying Felts's application. AR 13-24. Applying the familiar five-step sequential evaluation process, she determined that Felts was

3

severely impaired by lumbar and cervical degenerative disc disease, lumbar stenosis, osteoarthritis, a history of coronary artery disease, and obesity. *Id.* at 16. The ALJ found that Felts's depressive disorder did not rise to the level of a severe impairment because it did not cause him more than minimal work-related limitations, including mild limitations in all four areas of mental functioning set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "paragraph B criteria"). *Id.* at 17. In reaching her decision, the ALJ stated that she gave great weight to the opinion of Dr. Cowan because of his knowledge, experience and specialty; his examination of Felts; and his access to the longitudinal medical record. *Id.* The ALJ also gave great weight to Dr. Lefevre's opinions. *Id.*

The ALJ determined that despite Felts's severe impairments, he retained the RFC to perform sedentary work limited to occasional overhead reaching bilaterally. AR 18. At step four of the evaluation process, the ALJ found that Felts's past work was relevant because he had performed it at substantial gainful activity levels within the past 15 years and long enough for him to learn the positions. Relying on the testimony of the vocational expert, the ALJ found that Felts could perform his past work as an order clerk, both as he performed it and as the job is normally performed, and as a help desk representative, but only as that job is normally performed. *Id.* at 23.

## OPINION

Felts's sole argument is that the ALJ erred in finding him capable of his past semi-skilled and skilled work at step 4 of the sequential evaluation process. The determination is significant because given Felts's age, a limitation to unskilled work likely would qualify him as disabled under

4

Medical-Vocational Guidelines. In support of his argument, Felts cites the opinion of Dr. Cowan, who stated that he "should be able to understand, remember, and carry out simple instructions." Felts points out that under the Social Security rules, a limitation to understanding, remembering, and carrying out simple instructions means that a claimant is qualified only for unskilled work. *See* SSR 85-15 at *4 ("The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting."); *Craft v. Astrue*, 539 F.3d 668, 677 (7th Cir. 2008) ("The Social Security Administration has stated that where the claimant has the ability to understand, carry out, and remember simple instructions; respond appropriately to supervision, coworkers, and usual work situations; and deal with changes in a routine work setting, then an RFC of "unskilled" work would be appropriate."). According to Felts, the ALJ's findings that Felts did not have a severe mental impairment and was not limited to unskilled work are inconsistent with her decision to give great weight to Dr. Crown's opinion, which Felts believes limited him at most to unskilled work due to mental health impairments.[1] I disagree.

As the Commissioner points out, Dr. Cowan did not say that he found Felts capable of understanding, remembering, and carrying out *only* simple instructions. Rather, he stated that

---

[1] As discussed, Felts's argument focuses on the ALJ's step 4 conclusion about limitations he may or may not have that affect his ability to perform his past work. Although Felts subsequently seems to raise a step 2 challenge by arguing later in his brief that the ALJ failed to "address the non-severe mental impairment as required by law," dkt. 9 at 12, Felts merely cites various cases and does not explain what he believes the ALJ did wrong in his case or otherwise develop his argument in any meaningful way. *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.").

Felts would not have problems with simple instructions and went on to clarify that Felts had no impairments in concentration, attention, withstanding routine work stress, adapting to workplace changes, or work pace. Dr. Cowan's statements were consistent with his examination of Felts, which revealed that Felts had good long-term memory and concentration and could perform a three-step command correctly. AR 518. As a result, it was reasonable for the ALJ to interpret Dr. Cowan's statement about simple instructions to mean that Felts was not impaired in that area, rather than assuming that Cowan intended to assess Felts with limitations related to more complex instructions. In other words, the ALJ did not err in failing to read in limitations not specifically set forth by Dr. Cowan in his opinion.

In addition, the ALJ was entitled to rely on the opinion of Dr. Lefevre, who reviewed Dr. Cowan's opinion and on Felts's other medical records to conclude that Felts had no mental limitations and only mild limitations in the paragraph B criteria. *See* 20 C.F.R. § 404.1520a(d)(1) ("If we rate the degrees of your limitation as 'none' or 'mild,' we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities."). Felts emphasizes the fact that unlike Dr. Cowan, Dr. Lefevre did not examine him. Although a physician's personal examination of a claimant is important, it is only one factor. As discussed above, Dr. Cowan did not necessarily reach a conclusion that is at odds with a finding of no mental limitations. Additionally, Dr. Lefevre's findings are supported by the medical record. Although Felts was prescribed Zoloft for depression in May 2014, he felt much better within a few months and decided to wean himself off the medication a month after seeing Dr. Cowan. Felts also saw various medical providers and a therapist after Dr. Cowan's examination; the progress notes from

6

those sessions do not show that Felts complained about or showed signs of significant depression, anxiety, or agitation.

In sum, the medical evidence of record—including Dr. Cowan's opinion—does not dictate a finding of any specific mental limitations. Accordingly, I find that the ALJ did not commit reversible error in concluding that Felts was capable of his past semi-skilled or skilled work and am affirming her decision.

## ORDER

IT IS ORDERED that the decision of defendant Nancy Berryhill, Acting Commissioner of Social Security, denying plaintiff Ricky Felts's application for disability benefits is AFFIRMED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 11th day of October, 2018.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge